**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50015 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00958-SJO-1 |
| v. | |
| CHRISTOPHER CHANEY, AKA anonygrrl, AKA jaxjaguars911, AKA trainreqsuckswhat, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before: REINHARDT, FISHER, and NGUYEN, Circuit Judges.

Defendant Christopher Chaney appeals his sentence of 120 months resulting

from his conviction by guilty plea of several counts of Unauthorized Access to a

Protected Computer, Unauthorized Damage to a Protected Computer, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Wiretapping. These counts arise from a computer hacking scheme in which Chaney illegally accessed the email accounts of high-profile celebrities, stole their private information and intimate photographs, and distributed that information to third parties.[1]

1. Chaney first argues that he was denied effective assistance of counsel on three grounds: (i) that his counsel misunderstood relevant sentencing guidelines which affected the validity of his plea, (ii) that counsel failed to object to the loss amount used to calculate the Sentencing Guidelines range, and (iii) that counsel advised him to do media interviews which ultimately prejudiced him at sentencing. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal unless the record is sufficiently developed to permit review of the claim or the legal representation was so inadequate that it obviously denied a defendant his Sixth Amendment right to counsel. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). Neither is true in this case. Accordingly, we deny Chaney's claim of ineffective assistance of counsel without prejudice to raising the claim in a habeas petition under 28 U.S.C. § 2255.

---

[1] The parties are familiar with the facts of this case and we do not repeat them in great detail here.

**2.** Chaney next argues that the district court inappropriately applied a two-level enhancement for sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C). An offense involves sophisticated means when it involves "especially complex or especially intricate offense conduct pertaining to [its] execution or concealment." U.S.S.G. § 2B1.1, cmt. n.9(b). As an initial matter, the parties debate the applicable standard of review. Even reviewing de novo, however, we conclude that application of the enhancement was appropriate because the totality of Chaney's conduct over the course of his scheme showed he intentionally engaged in a sufficient level of planning and concealment to justify the enhancement.

**3.** Third, Chaney argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B). According to that rule, if a defendant makes a specific allegation of factual inaccuracy in the presentence report, the district court must expressly resolve the dispute on the record or determine that a ruling on the matter is unnecessary because the matter will not affect sentencing or the court will not determine the matter in sentencing. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). In this case, Chaney did not make a specific allegation of factual inaccuracy; he only challenged the inferences that could be drawn from the presentence report's statement that child pornography was found on his computer. Thus, there was no Rule 32 dispute for the district court to resolve.

**4.** Fourth, Chaney argues that the district court violated his due process rights by considering written victim impact statements by T.B. and T.C., two young women who alleged that Chaney cyberstalked and harassed them for many years. These statements, however, were accompanied by "some minimal indicia of reliability," and the district court could therefore consider them when determining Chaney's sentence. *See, e.g.*, *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993).

**5.** Fifth, Chaney argues that the district court committed procedural error by failing to adequately explain the reason he imposed an above-Guidelines sentence, rather than a below-Guidelines sentence as requested by Chaney. He is wrong. The district court gave a lengthy and complete explanation as to why he believed that, notwithstanding Chaney's arguments to the contrary, the § 3553(a) factors necessitated an above-Guidelines sentence.

**6.** Finally, Chaney argues that his sentence was substantively unreasonable because it is higher than similar sentences imposed in the Central District of California for hacking crimes. This argument is meritless. As we explained in *United States v. Treadwell*, it does not "matter for the purposes of § 3553(a) that [the defendant] can point to a specific criminal defendant . . . who may have received a lighter sentence . . . . A district court considers the § 3553(a) factors to

4

tailor a sentence to the specific characteristics of the offense and the defendant." 593 F.3d 990, 1011–12 (9th Cir. 2010). As the district court explained when justifying the above-Guidelines sentence imposed, Chaney's offense and circumstances are sufficiently unique to justify the high sentence that he received. Accordingly, we affirm Chaney's conviction and sentence.

**AFFIRMED.**